IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| KELLY GENE STAPP, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. CIV-14-420-D |
| BRUCE HOWARD, Warden; ATTORNEY GENERAL OF THE STATE OF OKLAHOMA, | ) |  |
| Respondents. | ) |  |

# REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent filed a motion to dismiss based on untimeliness, Docs. 10-11, and Petitioner did not respond. For the reasons discussed below, the undersigned recommends that the court dismiss the habeas petition.

## I. Background.

On May 17, 2012, in Stephens County District Court, Case No. CF-2011-122, Petitioner pleaded guilty to Count I, Possession of a Controlled Dangerous Substance After Former Conviction of a Felony, in violation of Okla. Stat. tit. 63, § 2-402, and Count II, Possession of Drug Paraphernalia,

in violation of Okla. Stat. tit. 63, § 2-405. Doc. 11, Ex. 1, at 1.[1] Petitioner did not move to withdraw his guilty plea. Instead, on May 16, 2013, Petitioner filed an application for post-conviction relief. *Id.* Ex. 2. The state district court denied relief, *id.* Ex. 3, and Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA). *Id.* Ex. 4. The OCCA affirmed on April 1, 2014, *id.* Ex. 5, and Petitioner filed the instant petition on April 18, 2014.[2]

## II. Petitioner's claims.

Petitioner alleges that he is entitled to a federal writ of habeas corpus based on: (1) ineffective assistance of counsel; (2) an illegal search and seizure; (3) a lack of sufficient evidence at preliminary hearing to bind him over for trial; and (4) prosecutorial misconduct. Doc. 1, at 5-36.

## III. Analysis.

Respondent moves for dismissal on grounds that Petitioner's petition is untimely. Petitioner did not respond to the motion, but, he addressed his petition's timeliness in the petition, asking the court to apply equitable tolling. *Id.* at 39-42. The undersigned has considered Petitioner's arguments for tolling, and agrees with Respondent that the petition is untimely.

---

[1] All page citations refer to the court's CM/ECF pagination.

[2] The court deems the petition filed on the date Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (citation omitted). Petitioner verifies that date as April 18, 2014. Doc. 1, at 43.

### A. The starting date for the statute of limitations.

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which establishes a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1); *see also Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (discussing the AEDPA's enactment date and one-year statute of limitations). In relevant part, that clock begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on May 17, 2012, and did not move to withdraw his guilty plea; thus, his conviction became final ten days later, or on May 27, 2012. *See Fleming*, 481 F.3d at 1255 (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal). So, absent tolling, Petitioner's statute of limitations on his claims expired one year later, on May 28, 2013. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" wherein "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (citation omitted)).

### B. Statutory tolling.

Statutory tolling is available when, during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed an application for post-conviction relief on May 16, 2013 – within his one-year limitations period – and the OCCA affirmed the denial of relief on April 1, 2014. Petitioner is therefore entitled to 321 days of statutory tolling, extending his statute of limitations expiration date to April 14, 2014.

### C. Equitable tolling.

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 644 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 648; *Gibson*, 232 F.3d at 808 (holding that equitable tolling is available only in "'rare and exceptional circumstances'") (citation omitted). Examples of when equitable tolling may be appropriate include: (1) actual innocence; (2) "an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing"; or (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Gibson*, 232 F.3d at 808. Petitioner carries the burden to prove

entitlement to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

Petitioner seeks equitable tolling on three grounds: (1) ignorance of the law and corresponding lack of law library access; (2) delay in receiving trial court transcripts; and (3) actual innocence. Doc. 1, at 39-42. The undersigned finds that tolling is unwarranted on these grounds.

### 1. Ignorance of the law and lack of library access.

Petitioner first complains that he did not have law library access until November 2012, and thus did not understand that his constitutional rights had been violated until December 2012. *Id.* at 39-40. Petitioner then argues that after April 2013, he had only "50 minutes each day to research and type up his Application for Post-Conviction Relief." *Id.* at 40-41. The undersigned finds these arguments unconvincing.

Petitioner was clearly aware of the facts underlying his claims before he pleaded guilty. *Id.* at 5-36. And while he may not have understood the legal ramifications, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing [of a petition for writ of habeas corpus].'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). Thus, "a claim of insufficient access to relevant law . . . is not enough to support equitable tolling." *Gibson*, 232 F.3d at 808.

5

Further, a lack of access to a law library, standing alone, does not warrant equitable tolling. *See Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002). Petitioner must provide "specificity regarding the alleged lack of [law library] access . . . ." *Miller*, 141 F.3d at 978; *see also Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010) ("It follows that, to invoke § 2244(d)(1)(B)'s tolling provision – to show that an 'impediment . . . created by State action in violation of the Constitution . . . prevented' the filing of a timely petition – an inmate must explain how the prison's alleged constitutional deficiencies [in providing access to a law library] hindered his efforts to pursue his claim within the prescribed statute of limitations." (quoting § 2244(d)(1)(B)).

Petitioner provides no such specificity regarding how a lack of law library access hindered his ability to timely file a habeas petition, nor does he allege that he ever requested and was denied legal materials. Under these circumstances, the undersigned finds that Petitioner cannot benefit from equitable tolling based on lack of access to the prison library. *See United States v. Denny*, 694 F.3d 1185, 1191 (10th Cir. 2012) (agreeing that petitioner was not entitled to equitable tolling for time he lacked access to a law library where inmate failed to assert that "he even requested his legal materials").

6

## 2. Delay in receiving state court transcripts.

Petitioner also urges equitable tolling based on a delay in receiving the state court transcripts. Doc. 1, at 40. Again, the undersigned finds no grounds for tolling in this argument.

"Standing alone . . . the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (cited with approval, *Denny*, 694 F.3d at 1192). Here, Petitioner's claims are based on events that would have been apparent at the time of the alleged illegal search and seizure and/or during the preliminary hearing. Doc. 1, at 5-36. Under such circumstances, Petitioner has not established that the lack of transcripts was an extraordinary circumstance which prevented him from filing his habeas petition. *United States v. Williams*, 219 F. App'x 778, 779 (10th Cir. 2007) ("Williams argues that equitable tolling is appropriate because of the difficulties he had in obtaining his trial transcripts. However, none of the delays he cites constitute 'extraordinary circumstances beyond his control.'" (citation omitted)).

## 3. Actual innocence.

Finally, Petitioner claims that he "is factually innocent, [as] the drugs and drug paraphernalia did not belong to [him]," and seeks equitable tolling based on his actual innocence. Doc. 1, at 24, 41.

"[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [the prisoner] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-537 (2006) (internal quotations omitted). So, "[t]o raise a 'colorable claim of actual innocence,' a petitioner must 'support his allegations . . . with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Sandoval v. Jones*, 447 F. App'x 1, 5 (10th Cir. 2011) (citing *Schlup v. Delo*, 513 U.S. 298, 322, 324 (1995)).

Petitioner pleaded guilty to possessing a controlled dangerous substance and drug paraphernalia, and the trial court found that the plea was voluntary. Doc. 11, Ex. 3, at 4-6. Now, Petitioner claims that the drugs and paraphernalia were not his, but he offers no evidence besides his own allegation. The undersigned finds Petitioner's self-serving statement, standing alone, insufficient to warrant equitable tolling based on actual innocence. *See O'Bryant v. Oklahoma*, __ F. App'x __, 2014 WL 2853773, at *5 (10th Cir. June 24, 2014) (holding that in deciding whether a petitioner has sufficiently alleged actual innocence for purposes of equitable tolling, the court "may take into account the fact that the petitioner's conviction was based on a guilty plea predicated on the petitioner's representations of

8

competence and voluntariness, and findings by the court"); *Riley v. Snider*, No. 99-6339, 2000 WL 231833, at *2 (10th Cir. Mar. 1, 2000) (unpublished op.) (rejecting petitioner's claim that he was actually innocent and holding that: "Unlike scientific evidence or verifiable testimony, such self-serving and conclusory statements are insufficient to establish actual innocence, particularly in light of the fact that Mr. Riley admitted he committed the crime when he pled guilty.").

### D. Summary.

With statutory tolling, Petitioner's statute of limitations expired on April 14, 2014, and he is not entitled to equitable tolling. Because Petitioner did not file the instant petition until April 18, 2014, the undersigned recommends that the court dismiss Petitioner's habeas petition as untimely.

### IV. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned finds that Petitioner's petition is untimely and recommends that the court dismiss the petition.

The undersigned advises the parties of their right to object to this report and recommendation by the 3rd day of August, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual

9

and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 14th day of July, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE